ACCEPTED
03-14-00117-CV
6270418
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/29/2015 11:27:07 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00117-CV

IN THE COURT OF APPEALS FOR THE
THIRD COURT OF APPEALS DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/29/2015 11:27:07 AM
JEFFREY D. KYLE
Clerk

## NASH JESUS GONZALES
## AND GONZALES & GONZALES, P.C.,

### APPELLANTS

### v.

## MARISSA ANN GONZALES,

### APPELLEES

From the 200th District Court , Travis County Texas
The Honorable Lora J. Livingston, Presiding
Trial Court No. D-1-FM-11-005140

## APPELLANTS' RESPONSE TO
## APPELLEE'S MOTION TO DISMISS

TO THE HONORABLE COURT OF APPEALS:

Pending before the Court is Appellee Marissa Gonzales's Motion to Dismiss this appeal. This motion has no merit and should simply be denied. That Appellant Nash Gonzales has filed a modification proceeding *seeking* relief merely *related* to a part of the relief sought in this appeal in no way moots the controversy presented here.

Marissa contends that Nash's mere filing of a motion to modify moots the geographic restriction controversy at issue in this appeal. She is wrong for multiple reasons.

First, as a threshold matter, Marissa mischaracterizes the relief sought in this appeal. Appellants have requested two forms of relief–(1) a retrial of the geographic restriction imposed on the children's residence and (2) a retrial of the property division of the community estate, either after excluding the contingent fee interest of the law practice's former case inventory or to properly consider evidence related to that interest (Appellants' Brief, Prayer, page 34-35). Marissa's motion, though, is premised on ignoring the 2nd area of controversy entirely and misreading the 1st request as seeking rendition of the geographic restriction issue. Her failure to correctly acknowledge the relief sought in this appeal unequivocally demonstrates the lack of merit of this motion.

Secondly, the request for relief in Collin County is not contrary to the request for relief in this appeal, much less "directly contrary" to that relief as asserted by Marissa. Rather, the request in Collin County complements the request in this appeal. Contrary to Marissa's claim, the relief sought in this appeal is a retrial of the geographic restriction issue (Appellants' Brief, Prayer, page 34-35). Nash has not argued (nor under the law could he argue, *see* TEX. FAM. CODE. ANN. § 105.002(c)(1) (Westlaw 2015)) that this Court should render judgment on the geographic restriction

on the children's residence. He has asked that the Court set aside the judgment based on the jury's verdict and remand that issue for a new trial.

In the Collin County modification action, he has asked that the geographic restriction be modified based on material and substantial changes in the circumstances of the parties since the judgment was rendered (Motion to Dismiss, Exhibit A, page 3, ¶ 7). That is, he has asked that the geographic restriction issue be reconsidered, essentially the same relief sought in this appeal. *If* Nash is successful in this appeal, the result will be a retrial of the geographic restriction issue not a ruling establishing the contours of that restriction, a retrial which would take place in the Collin County suit (essentially eliminating the question of whether the change in circumstances justifies consideration of the modification issue). Thus, at this time, there is nothing contrary in the relief sought here and the relief sought in Collin County, rather the relief sought is complementary.

And, finally, merely *requesting* relief does not negate the efficacy of this Court's decision. That is, just because Nash has *requested* that the geographic restriction be considered in a modification proceeding does not mean that the restriction will be modified or even that the modification is appropriately requested. The Collin County District Court could conclude that the changes in the parties circumstances does not qualify as the material and substantial changes necessary to invoke its modification jurisdiction. Alternatively, that court could reject the request

to modify the restriction, leaving the restriction imposed under the jury's verdict undisturbed. There is much yet to be decided in both this appeal and in the Collin County litigation.[1] One does not yet have any effect on the other.

Marissa's alternative request that this appeal be stayed is similarly wholly without merit. As shown above, this appeal involves more than the geographic restriction issue, it also presents property issues not touched on by the modification action. Thus, even if the Collin County litigation were to reach judgment before this appeal, it would still leave much to be decided by this Court. Marissa asks that this Court simply sit on a proceeding that is currently "at issue" in favor of a proceeding that could never fully dispose of the matters pending here. That request should be rejected.

For these reasons, Appellants Nash Jesus Gonzales and Gonzales & Gonzales, P.C. request that this Court deny, in its entirety, Appellee Marissa Ann Maggio's Motion to Dismiss.

Respectfully submitted,

/s/ Thomas B. Cowart
Thomas B. Cowart
Texas Bar No. 00787295

---

[1] *If* the Collin County were to conclude that the circumstances justify the request for modification and *if* that proceeding were to reach judgment before this Court issued an opinion and *if* that decision resulted in a modification of the geographic restriction contained in the judgment under appeal here, *then* Marissa *may* have a valid point. But that is too many *if*'s to divest this Court of its properly invoked jurisdiction.

Wasoff & Cowart, PLLC
100 North Central Expressway, Suite 100
Richardson, Texas 75080
Phone: 214-692-9700
Fax: 214-550-2674
email: tom@tcowart.com

Attorneys for Appellants Nash Jesus Gonzales
and Gonzales & Gonzales, P.C.

## CERTIFICATE OF SERVICE

This is to certify that on July 29, 2015, a true and correct copy of this Appellants' Response to Appellee's Motion to Dismiss was served upon the following via the efile system:

C. Wilson Shirley III
wilson@ssjmlaw.com
Jessica Marcoux Hall
jessica@ssjmlaw.com
4330 Gaines Ranch Loop, Suite 150
Austin, Texas 78735
512-347-1604
512-347-1676 Facsimile

Attorneys for Appellee Marissa Ann Gonzales

/s/ Thomas B. Cowart
Thomas B. Cowart